UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-100-02 (PLF) |
| ) | Civil Action No. 17-2044 (PLF) |
| DAVID WILSON, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

The matters before the Court are the motions of the United States to confirm defendant David Wilson's waiver of the attorney-client privilege [Dkt. No. 1669] and to compel production of documents [Dkt. No. 1670]. Mr. Wilson opposes both motions. Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the relevant portions of the record in this case, the Court will grant the motion to confirm waiver of the attorney-client privilege, subject to certain modifications. The Court will deny the motion to compel production of documents.[1]

---

[1] In connection with the pending motions, the Court has reviewed the following filings, including the exhibits attached thereto: March 22, 2011 Judgment ("Judgment") [Dkt. No. 1445]; Mr. Wilson's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 ("Section 2255 Mot.") [Dkt. No. 1637]; Mr. Wilson's Supplement to his Section 2255 Motion ("Suppl. Section 2255 Mot.") [Dkt. No. 1638]; Mr. Wilson's Pro Se Motion for Leave to File Memorandum of Fact and Law in Support of his Section 2255 Motion ("Pro Se Section 2255 Mot.") [Dkt. 1639]; Mr. Wilson's Second Supplement to Section 2255 Motion ("Second Suppl. Section 2255 Mot.") [Dkt. 1667]; United States' Motion to Confirm Waiver of the Attorney-Client Privilege [Dkt. No. 1669] and to Compel Production of Documents [Dkt. No. 1670] (collectively, "Mot."); Mr. Wilson's Consolidated Opposition ("Opp'n") [Dkt. No. 1676]; United States' Consolidated Reply ("Reply") [Dkt. No. 1677]; and United States' Notice of Revised Proposed Order ("Revised Proposed Order") [Dkt. No. 1680].

I.  BACKGROUND

In November 2007, Mr. Wilson was convicted of two counts of aiding and abetting first-degree murder, seven counts of distributing crack cocaine, and one count of using a communications facility in relation to a narcotics offense.  See United States v. Bell, 795 F.3d 88, 92 (D.C. Cir. 2015).  Judge Richard W. Roberts sentenced Mr. Wilson to 48 months in prison on his communications facility conviction and 188 months for each crack cocaine distribution count, those sentences to run concurrently.  See Judgment at 3.  Judge Roberts also sentenced Mr. Wilson to 360 months to life in prison under the District of Columbia Code for each murder conviction, those sentences to run concurrently to each other and consecutively to the other sentences.  See id. at 4.  The D.C. Circuit affirmed the convictions in July 2015.  See United States v. Bell, 795 F.3d at 91.  In October 2017, Mr. Wilson filed a motion under 28 U.S.C. § 2255 to, inter alia, vacate his convictions for aiding and abetting murder based on ineffective assistance of counsel.

In May 2018, the United States moved for an order:  (1) confirming Mr. Wilson's waiver of the attorney-client privilege with respect to his ineffective assistance of counsel claims; (2) allowing Mr. Wilson's former counsel – Jenifer Wicks, Gary Proctor, and Matthew Davies – to "freely discuss" their representation as it relates to "issues raised in the defendant's claims of ineffective assistance of counsel"; (3) allowing his former counsel to testify at an evidentiary hearing and to provide an affidavit or declaration relating to Mr. Wilson's claims; and (4) compelling Mr. Wilson's former counsel to "provide documents relevant to these same issues." See Mot. at 1 and Ex. 1.

## II.  LEGAL STANDARD

It is settled that when a habeas petitioner raises a claim of ineffective assistance of counsel, courts find a corresponding implied waiver of the attorney-client privilege with respect to former counsel on matters necessary to decide the ineffective assistance of counsel claim.  See United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); United States v. Straker, 258 F. Supp. 3d 151, 153-54 (D.D.C. 2017); United States v. Lewis, 824 F. Supp. 2d 169, 172 (D.D.C. 2011) ("[W]here a claim of ineffective assistance of counsel is asserted, there is an 'implied waiver' of the [attorney-client] privilege.") (alteration in original) (citing Bittaker v. Woodford, 331 F.3d 715, 719-20 (9th Cir. 2003) (en banc)).

Rule 1.6 of the District of Columbia Rules of Professional Conduct addresses the waiver of the attorney-client privilege in situations involving claims of ineffective assistance of counsel.  It provides that "[a] lawyer may use or reveal client confidences or secrets . . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client."  See D.C. Rule of Prof'l Conduct 1.6(e)(3); see also D.C. Bar Ethics Opinion No. 364, Confidentiality Obligations When Former Client Makes Ineffective Assistance of Counsel Claim (January 2013) ("D.C. Bar Ethics Opinion 364").  D.C. Rule 1.6(b) defines "confidence" as "information protected by the attorney-client privilege under applicable law," and defines "secret" as "other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would be likely to be detrimental, to the client."  See D.C. Rule of Prof'l Conduct 1.6(b).

III. DISCUSSION

*A. Motion to Confirm Waiver of the Attorney-Client Privilege*

Mr. Wilson acknowledges that his claims of ineffective assistance of counsel operate as an implied waiver of the attorney-client privilege, but argues that the waiver is limited. In particular, Mr. Wilson contends that: (1) the United States' proposed waiver is overbroad; (2) the United States should be prohibited from engaging in ex parte communications with Mr. Wilson's former counsel; and (3) a protective order should be entered to prohibit the use of confidential information obtained as a result of Mr. Wilson's waiver of the attorney-client privilege, outside of this Section 2255 proceeding or any appeal from this proceeding. See Opp'n at 1. The Court will address each argument in turn.

1. Scope of the Waiver

In its motion, the United States originally sought to confirm Mr. Wilson's waiver of the attorney-client privilege for information "relating to" or "relevant to" his ineffective assistance of counsel claims. See Mot. at 3 and Ex. 1. Mr. Wilson objects to this language as overbroad. See Opp'n at 1-2. Citing D.C. Bar Ethics Opinion 364, Mr. Wilson asserts that he has waived the attorney-client privilege only to the extent that disclosures by his former counsel are "reasonably necessary" for the United States to defend against the specific allegations of ineffective assistance of counsel. See id. at 2.

D.C. Bar Ethics Opinion 364 addresses a lawyer's confidentiality obligations when a former client makes an ineffective assistance of counsel claim: "When a former client challenges a criminal conviction or sentence on the grounds of ineffective assistance of counsel . . . D.C. Rule 1.6(e)(3) permits the lawyer to disclose client confidences and secrets only insofar as reasonably necessary to respond to the client's specific allegations about the lawyer's

4

representation." See D.C. Bar Ethics Op. 364 at 1; see also United States v. Straker, 258 F. Supp. 3d at 156 (adopting standard set forth in D.C. Rule 1.6(e)(3) to hold that petitioners raising ineffective assistance of counsel claims waived the attorney-client privilege to the extent that disclosure was "reasonably necessary to respond to specific allegations" made by petitioners).

In its reply, the United States does not object to the inclusion of the "reasonably necessary" language in its proposed order. See Reply at 6 n.1; see also United States v. Straker, 258 F. Supp. 3d at 156. Accordingly, consistent with D.C. Rule 1.6(e)(3) and D.C. Bar Ethics Opinion 364, the Court concludes that Mr. Wilson's former counsel are authorized to disclose to counsel for the United States information that is reasonably necessary to respond to Mr. Wilson's specific allegations of ineffective assistance of counsel in this Section 2255 proceeding. This includes discussing their representation of Mr. Wilson in this matter, disclosing any relevant documents in their possession, providing an affidavit or declaration if appropriate, and testifying at an evidentiary hearing – to the extent that the disclosures are reasonably necessary to respond to Mr. Wilson's specific allegations of ineffective assistance of counsel in this case.

2. Ex Parte Communications

In his opposition, Mr. Wilson seeks a protective order barring ex parte communications between counsel for the United States and Mr. Wilson's former lawyers outside the presence of Mr. Wilson's current counsel. See Opp'n at 3-4. He asserts that ex parte communications would deprive him of an opportunity to object to disclosures that exceed his limited waiver of the attorney-client privilege. See id. at 4.

Mr. Wilson relies on an Opinion issued by the American Bar Association ("ABA") Standing Committee on Ethics and Professional Responsibility, which provides that "[i]t is highly unlikely that a disclosure in response to a prosecution request, prior to a

court-supervised response by way of testimony or otherwise, will be justifiable. It will be rare to confront circumstances where trial counsel can reasonably believe that such prior, ex parte disclosure, is necessary to respond to allegations against the lawyer." See ABA Comm'n on Ethics & Prof'l Responsibility, Formal Op. 10-456, at 5 (2010). But ABA Formal Opinion 10-456 interprets Rule 1.6 of the ABA Model Rules of Professional Conduct, which differs from both D.C. Rule 1.6 and the controlling ethics opinion in this jurisdiction, D.C. Bar Ethics Opinion 364. Indeed, D.C. Bar Ethics Opinion 364 expressly states that "we do not share the [ABA] Opinion's view that extrajudicial disclosure rarely will be justifiable." See D.C. Bar Ethics Op. 364 at 8. Nor does this Court. D.C. Rule 1.6(e)(3) permits former counsel to make disclosures to and engage in communications with government counsel outside the presence of current defense counsel so long as the disclosures and communications are "reasonably necessary to respond to specific allegations" of ineffective assistance of counsel. See D.C. Bar Ethics Op. 364 at 9 ("D.C. Rule 1.6(e)(3) permits a defense lawyer whose conduct has been placed in issue by a former client's ineffective assistance of counsel claim to make, without judicial approval or supervision, such disclosures of information protected by Rule 1.6 as are reasonably necessary to respond to the client's specific allegations about the lawyer's performance.").

Mr. Wilson also relies on United States v. Soomai, where Judge Roberts granted petitioner's request to prohibit ex parte communications between the United States and former counsel. See United States v. Soomai, 928 F. Supp. 2d 170, 173 (D.D.C. 2013). In United States v. Soomai, Judge Roberts relied on ABA Formal Opinion 10-456 rather than on D.C. Bar Ethics Opinion 364, which had then only recently been issued and apparently was not brought to Judge Roberts' attention. Since United States v. Soomai was decided, several other judges of this

Court have declined to follow ABA Formal Opinion 10-456 and have permitted government counsel to communicate with former defense counsel outside the presence of the defendant's current counsel. See, e.g., United States v. Straker, 258 F. Supp. 3d at 156-57 (Bates, J.); Order, United States v. Talbott, No. 11-0357 (D.D.C Aug. 17, 2016) (Collyer, J.), ECF No. 172 at 4 (declining to prohibit ex parte communication because ABA Formal Opinion 10-456 is not the governing rule in this District); Order, United States v. Lewis, No. 07-0119 (D.D.C. Apr. 20, 2011) (Kessler, J.), ECF No. 67 (declining to follow ABA Formal Opinion 10-456 and denying petitioner's motion in limine to bar former defense counsel from speaking with government counsel). See also Order, United States v. Cross, No. 09-0281 (D.D.C. Jan. 18, 2017) (Cooper, J.), ECF No. 460; Order, United States v. Mohammed, No. 06-0357 (D.D.C. June 12, 2015) (Kollar-Kotelly, J.), ECF No. 144 (permitting former counsel to discuss representation of petitioner with the government as it relates to petitioner's ineffective assistance of counsel claims).[2]

In accordance with recent decisions of other judges in this District, as well as D.C. Rule 1.6(e)(3) and D.C. Bar Ethics Opinion 364, the Court will not prohibit counsel for the United States from communicating and meeting with Mr. Wilson's former counsel outside the presence of Mr. Wilson's current counsel – so long as the disclosures made by former counsel during those communications and meetings are "reasonably necessary to respond to specific allegations" of ineffective assistance of counsel.

---

[2] Mr. Wilson also cites two out-of-circuit decisions from West Virginia that rely on ABA Formal Opinion 10-456 (which, as noted, differs from D.C. Bar Ethics Opinion 364) and West Virginia Rule of Professional Conduct 1.6 (which differs from D.C. Rule 1.6) to grant protective orders prohibiting ex parte communications between former counsel and government counsel. See Hudson v. United States, No. 10-0981, 2011 WL 3667602, at *2 (S.D. W. Va. Aug. 22, 2011); Hicks v. United States, No. 10-1155, 2010 WL 5441679, at *3 (S.D. W. Va. Dec. 28, 2010).

### 3. Use of Confidential Information

In his opposition, Mr. Wilson seeks a protective order prohibiting the use of confidential information obtained as a result of his waiver of the attorney-client privilege, outside of this Section 2255 proceeding and any appeal thereof. See Opp'n at 5. In its reply, the United States agrees to "limit its direct evidentiary use of any documentary or testimonial evidence from defendant's trial counsel to this § 2255 proceeding and any appeal from this proceeding." See Reply at 4. In its revised proposed order attached to its reply, however, the United States asks that it also be permitted to use "privileged information obtained in this proceeding if the defendant commits perjury or attempts to obstruct, or obstructs justice, in this proceeding." See Revised Proposed Order at 1-2.

Mr. Wilson will not be permitted to rely on the attorney-client privilege to protect him from prosecution if he were to commit perjury, or to attempt to obstruct or obstruct justice, during the adjudication of this Section 2255 claim. See In re Kellogg Brown & Root, Inc., 796 F.3d 137, 145 (D.C. Cir. 2015) ("[T]he attorney-client privilege cannot at once be used as a shield and a sword.") (quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)); United States v. Straker, 258 F. Supp. 3d at 159. Accordingly, the United States' use of the documentary or testimonial evidence obtained from Mr. Wilson's former counsel is limited to this Section 2255 proceeding and any appeal from this proceeding, except that the United States

may use such privileged information if Mr. Wilson commits perjury, or attempts to obstruct, or obstructs justice, in this proceeding.[3]

### B. Motion to Compel Production of Documents

Finally, the United States moves to compel Mr. Wilson's former counsel to produce documents within their possession and control that are "relevant" to the issues raised by Mr. Wilson's ineffective assistance of counsel claims. See Mot. at 3 and Ex. 1. Mr. Wilson objects to the United States' motion to the extent that it suggests that his former counsel are required to disclose privileged information to the United States. See Opp'n at 7-8. Mr. Wilson does not object, however, to an order authorizing his former counsel to disclose documents reasonably necessary to defend against his ineffective assistance of counsel claims, consistent with his limited implied waiver of attorney-client privilege. See id. at 7.

As discussed previously, see supra at 4-5, D.C. Rule 1.6 makes clear that "a lawyer may use or reveal client confidences or secrets . . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client." See D.C. Rule of Prof'l Conduct 1.6(e)(3). The Rule says "may," not "shall." Further, D.C. Bar Ethics Opinion 364 provides that former counsel's decision to disclose is "permissive, not mandatory," and "the lawyer may choose not to respond because, for example, the lawyer may think the disclosure may harm the client, [or] the prosecutor already has the information necessary to respond to the claim." See D.C. Bar Ethics Op. 364 at 7. Former counsel therefore

---

[3] The proposed order attached to Mr. Wilson's opposition includes the following language: "[N]o government attorneys with access to this confidential information shall . . . participate in any subsequent criminal proceedings involving [Mr. Wilson]." See Opp'n Ex. 1 at ¶ (d). Mr. Wilson does not address this proposal in his opposition brief. Nor does he cite any authority to support such a limitation. Given that the use of privileged information will be limited to this Section 2255 proceeding – with the limited exceptions just discussed – Mr. Wilson's request is denied.

are permitted, but not required, to disclose information to the government in response to an ineffective assistance of counsel claim. See United States v. Straker, 258 F. Supp. 3d at 156 (citing D.C. Rule 1.6(e)(3) and D.C. Bar Ethics Opinion No. 364). Accordingly, the Court will deny the United States' motion to compel production of documents to the extent that it requires disclosure by Mr. Wilson's former counsel.

## IV. CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court will grant the motion of the United States to confirm Mr. Wilson's waiver of the attorney-client privilege [Dkt. No. 1669], subject to certain modifications. The Court will deny the motion of the United States to compel production of documents from Mr. Wilson's former counsel [Dkt. No. 1670].

An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 4, 2018