

FILED
JAN 0 4 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
)
)
v. ) Criminal No. 05-100-02 (PLF)
)
DAVID WILSON, )
)
Defendant. )
)

OPINION

The matter is before the Court on the pro se motion [Dkt. No. 1593] of defendant David Wilson to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. Upon careful consideration of the parties' written submissions, the relevant legal authorities, and the relevant portions of the record, the Court will grant the motion.[1]

I. BACKGROUND

This case was originally assigned to Judge Richard W. Roberts, who presided over the trial of Mr. Wilson and his co-defendants in 2007. In November 2007, the jury found

---

[1] In connection with the pending motions, the Court has reviewed the following filings, including the exhibits attached thereto: the November 27, 2007 Indictment [Dkt. No. 1190]; the Verdict Form [Dkt. No. 1191]; United States' Sentencing Memorandum [Dkt. No. 1422]; Mr. Wilson's Sentencing Memorandum [Dkt. No. 1423]; the March 14, 2011 Final Presentence Investigation Report ("PSR") [Dkt. No. 1427]; the March 22, 2011 Judgment ("Judgment") [Dkt. No. 1445]; Mr. Wilson's Pro Se Motion for Reduction of Sentence [Dkt. No. 1535]; Mr. Wilson's Renewed Motion for Reduction of Sentence ("Mot.") [Dkt. No. 1593]; Mr. Wilson's Status Report ("Status Report") [Dkt. No. 1616]; the May 26, 2017 Probation Office Memorandum ("May 26, 2017 Memorandum") [Dkt. No. 1622]; the March 11, 2011 Sentencing Transcript ("Sentencing Tr.") [Dkt. No. 1630]; United States' Opposition to Motion for Reduction of Sentence ("Opp'n") [Dkt. No. 1633]; and Mr. Wilson's Reply in Support of Motion for Reduction of Sentence ("Reply") [Dkt. No. 1636].

Mr. Wilson guilty of two counts of aiding and abetting first-degree murder, seven counts of distributing crack cocaine, and one count of using a communications facility in relation to a narcotics offense. See United States v. Bell, 795 F.3d 88, 92 (D.C. Cir. 2015).

Shortly before Mr. Wilson was sentenced, the United States Sentencing Commission promulgated temporary emergency amendments to the Sentencing Guidelines with an effective date of November 1, 2010. See U.S.S.G. app. C, amend. 748 (Supp. Nov. 1, 2010); 75 Fed. Reg. 66188, 66188-93 (Oct. 27, 2010). Prior to the emergency amendments, 1.5 kilograms of cocaine base was the threshold between offense level 34 ("At least 500 G but less than 1.5 KG") and offense level 36 ("At least 1.5 KG but less than 4.5 KG"). See U.S.S.G. § 2D1.1(c) (2010). After the emergency amendments, 2.8 kilograms of cocaine base was the threshold between offense level 34 ("At least 840 G but less than 2.8 KG") and offense level 36 ("At least 2.8 KG but less than 8.4 KG"). See U.S.S.G. § 2D1.1(c) (Supp. Nov. 1, 2010).

Judge Roberts sentenced Mr. Wilson on March 11, 2011, four months after the emergency amendments went into effect. He found Mr. Wilson responsible for "at least 1.5 kilos" of cocaine base, resulting in a base offense level of 34. See Sentencing Tr. at 13-14; id. at 10 ("The amounts of crack attributable to all those distributions in furtherance of the agreement exceeded 1.5 kilograms and was reasonably foreseeable to the defendant. Under the 2010 guidelines, though, that would establish a base offense level of 34, not 36.") (emphasis added); see also United States v. Wyche, 741 F.3d 1284, 1292 (D.C. Cir. 2014) ("Under the Sentencing Guidelines, the district court determines a defendant's base offense level – and, ultimately, his guideline range – by delineating his relevant conduct.") (internal quotation marks and citation omitted). With a total offense level of 34 and a criminal history category of I, Mr. Wilson's applicable Guideline range for his drug distribution convictions was 151 to 188 months. Judge

Roberts sentenced Mr. Wilson at the top of that range to 188 months in prison for each drug distribution count, those sentences to run concurrently. See Judgment at 3. Judge Roberts also sentenced Mr. Wilson to 48 months in prison for his communications facility conviction, that sentence to run concurrently to the drug sentences. See id. In addition, Judge Roberts sentenced Mr. Wilson to 360 months to life in prison under the District of Columbia Code for each murder conviction, those sentences to run concurrently to each other and consecutively to the other sentences. See id. at 4. The D.C. Circuit affirmed Mr. Wilson's convictions in July 2015. See United States v. Bell, 795 F.3d at 91.

This case was reassigned to the undersigned in April 2016. On December 21, 2016, Mr. Wilson filed the instant motion – a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines.[2] Mr. Wilson later supplemented his motion through counsel. Amendment 782 reduced by two levels the base offense levels for certain controlled substance offenses. See U.S.S.G. app. C, amends. 782 (reduction), 788 (making Amendment 782 retroactive). Prior to Amendment 782, a drug quantity of at least 840 grams but less than 2.8 kilograms of cocaine base carried an offense level of 34; after the amendment, the same amount fell to an offense level of 32. As noted, Mr. Wilson's total offense level of 34 and criminal history category of I yielded a Guideline range of 151 to 188 months at the time of sentencing. A two-level reduction to offense level 32 would result in a revised Guideline range of 121 to 151 months. Mr. Wilson asks the Court to reduce his sentence from 188 months to 121 months, the bottom of the revised Guideline range.

---

[2] Mr. Wilson filed his original Section 3582(c)(2) motion, Docket Number 1535, in January 2015 while his direct appeal was pending before the D.C. Circuit. In November and December 2016, he filed two identical motions styled as renewed Section 3582(c)(2) motions, Docket Number 1591 and Docket Number 1593. The Court shall issue its ruling based on the motion assigned as Docket Number 1593.

3

## II. LEGAL STANDARD

A court may modify a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court considering a Section 3582(c)(2) motion is to engage in a limited, two-step inquiry. First, the court must determine whether the defendant is eligible for a sentence modification. To do so, the court must determine "the amended guidelines range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. United States v. Wyche, 741 F.3d at 1292 (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, if the defendant is eligible for a sentence modification, the court must consider any applicable factors under 18 U.S.C. § 3553(a) and determine whether, in its discretion, a reduction in the defendant's sentence is "warranted in whole or in part under the particular circumstances of the case." United States v. Wyche, 741 F.3d at 1292 (quoting Dillon v. United States, 560 U.S. at 827)). The court is to consider the Section 3553(a) factors "to the extent that they are applicable" and determine if the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2).

## III. DISCUSSION

### A. Mr. Wilson is Eligible for a Sentence Reduction

The Court must first determine the amended Guideline range that would have been applicable if Amendment 782 had been in effect when Mr. Wilson was sentenced in March 2011. At sentencing, Judge Roberts found Mr. Wilson responsible for "at least 1.5 kilos" of cocaine base, resulting in a base offense level of 34 and a Guideline range of 151 to 188 months. See Sentencing Tr. at 13-14. Based on a drug quantity of at least 1.5 kilograms of cocaine base,

Mr. Wilson argues that Amendment 782 now puts him at an offense level of 32 and a Guideline range of 121 to 151 months. See Mot. at 3. He asks the Court to reduce his sentence from 188 months to 121 months, the bottom of the revised Guideline range. See Reply at 2.

The United States responds that Judge Roberts did not make a specific drug quantity finding at sentencing; he found only that Mr. Wilson was responsible for "at least" 1.5 kilograms of cocaine base. See Opp'n at 1.[3] The United States asks the Court to make a new, more precise drug quantity finding in order to determine Mr. Wilson's applicable Guideline range. See id. at 4. It maintains that any such factual inquiry would likely result in a finding that Mr. Wilson was responsible for at least 2.8 kilograms of cocaine base, which would put him at an offense level of 34 and a Guideline range of 151 to 188 months under the current Guidelines. See id. Mr. Wilson's applicable Guideline range therefore would remain the same and he would be ineligible for a sentence reduction. See id.

"In order to determine the defendant's amended guideline range for a drug-related offense, the resentencing court must determine the drug quantity attributable to the defendant." United States v. Wyche, 741 F.3d at 1293. "If the original sentencing court failed to make a specific drug-quantity calculation, the resentencing court may have to make its own quantity finding in order to determine the defendant's guideline range." Id. But the resentencing court's drug quantity finding "cannot be inconsistent with factual determinations made by the original sentencing court." See id. (citing United States v. Kennedy, 722 F.3d 439, 442 (D.C. Cir. 2013)).

---

[3] The parties agree that at sentencing, Judge Roberts applied the amended 2010 Sentencing Guidelines, under which the threshold between offense levels 34 and 36 was 2.8 kilograms of cocaine base rather than 1.5 kilograms. It appears that Judge Roberts continued to focus on 1.5 kilograms because that was the relevant figure when multiple co-defendants were sentenced prior to the passage of the emergency amendments.

5

Resentencing courts may revisit the issue of drug quantity only where the upper limit of the defendant's drug quantity cannot be determined from the offense level assigned by the original sentencing court. See United States v. Smith, No. 09-237-01, 2018 WL 4518025, at *4 (D.D.C. Sept. 20, 2018) (citing United States v. Kennedy, 722 F.3d at 442-43). Here, Mr. Wilson's drug quantity can be ascertained from the original offense level assigned by Judge Roberts. A new drug quantity finding therefore is not necessary in this case.

The parties agree that Mr. Wilson was sentenced under the amended 2010 Sentencing Guidelines, under which the threshold between offense levels 34 and 36 was 2.8 kilograms of cocaine base rather than 1.5 kilograms. Judge Roberts calculated a base offense level of 34 based on a drug quantity of "at least" 1.5 kilograms. The offense level calculated by Judge Roberts thus necessarily "reflected a determination that [Mr. Wilson's] responsible drug quantity did not exceed 2.8 kilograms" because any drug quantity above that amount would have required Judge Roberts to apply a higher offense level of 36. See Opp'n at 2 (emphasis in original). In other words, by assigning a base offense level of 34 corresponding to at least 840 grams but less than 2.8 kilograms of cocaine base, Judge Roberts implicitly found that Mr. Wilson was responsible for less than 2.8 kilograms of cocaine base. See United States v. Kennedy, 722 F.3d at 442-43 (sentencing court "implicitly adopted" drug quantity recommendation in presentence investigation report where it calculated an offense level consistent with that recommendation). Under Amendment 782, that finding puts Mr. Wilson today at an offense level of 32. The revised Guideline range therefore is 121 to 151 months.

This case does not raise the same concerns that required a new drug quantity determination in United States v. Wyche. There, the original sentencing court found defendant Richard Smith responsible for "at least 500 grams of cocaine base," which triggered an offense

6

level of 36, the highest possible offense level at the time. See United States v. Wyche, 741 F.3d at 1293. Mr. Smith moved for a sentence reduction after the Guideline ranges for cocaine base crimes were reduced, arguing that 500 grams of cocaine base yielded an offense level of 32. See id. at 1291. But by then, the Guidelines included multiple higher offense levels tied to proof of quantities over 500 grams of cocaine base. The resentencing court therefore made a new factual finding that Mr. Smith was responsible for more than 8.4 kilograms of cocaine base and denied his motion for a sentence reduction. See id.

On appeal, the court of appeals affirmed the resentencing court's authority to make a new drug quantity finding under those circumstances. See United States v. Wyche, 741 F.3d at 1293. As the panel majority explained, the resentencing court could not determine Mr. Smith's maximum drug quantity based on the offense level assigned by the original sentencing court because, at the time of the original sentencing, Mr. Smith was at the highest possible offense level. See id. But after the Sentencing Guidelines were amended, the resentencing court could not determine from the existing record which of multiple higher offense levels applied to a drug quantity of "at least 500 grams" of cocaine based. See id. ("[T]he 2012 district court could not determine [Smith's] amended guideline range on the basis of the [original sentencing court's] findings because the 2011 amendment specified four different base offense levels for crimes involving over 500 grams of cocaine base – level 32 (at least 280 grams but less than 840

grams), level 34 (at least 840 grams but less than 2.8 kilograms), level 36 (at least 2.8 kilograms but less than 8.4 kilograms) and level 38 (8.4 kilograms or more of cocaine base) . . . .").[4]

In contrast here, Judge Roberts calculated an offense level of 34, which at the time of sentencing had an upper limit of 2.8 kilograms. See U.S.S.G. § 2D1.1(c) (Supp. Nov. 1, 2010) (offense level 34 corresponds to "[a]t least 840 G but less than 2.8 KG"). The maximum drug quantity attributable to Mr. Wilson therefore was 2.8 kilograms. And that remains true today. See United States v. Wyche, 741 F.3d at 1292-93. Finding Mr. Wilson responsible for more than 2.8 kilograms of cocaine base, as the United States requests, would be inconsistent with Judge Roberts' implicit factual finding that Mr. Wilson's drug quantity did not exceed 2.8 kilograms. And as the D.C. Circuit made clear in United States v. Wyche and United States v. Kennedy, the resentencing court's drug quantity finding "cannot be inconsistent with factual determinations made by the original sentencing court." See United States v. Wyche, 741 F.3d at 1293 (citing United States v. Kennedy, 722 F.3d at 442).

Under these circumstances, the Court will not re-open the issue of drug quantity. Following Amendment 782 to the Sentencing Guidelines, a drug quantity of at least 840 grams but less than 2.8 kilograms carries a base level offense of 32. See U.S.S.G. § 2D1.1(c). Because Mr. Wilson is responsible for at least 1.5 kilograms but less than 2.8 kilograms of cocaine base,

---

[4] At least two judges of this Court have made new drug quantity findings where, as in United States v. Wyche, the original sentencing court did not make a specific drug quantity finding because the drug quantity exceeded the highest possible base offense level at the time of sentencing. See, e.g., United States v. Fernandez, No. 10-18-4, 2018 WL 1832317, at *1 (D.D.C. Apr. 16, 2018), aff'd, No. 18-3028, 2018 WL 5919236 (D.C. Cir. Oct. 19, 2018); United States v. Rivera-Niebla, No. 06-07-2, 2015 WL 9294086 (D.D.C. Dec. 21, 2015); United States v. Harris, No. 89-0036-2, 2012 WL 12932292, at *4-5 (D.D.C. May 21, 2012); United States v. Smith, No. 89-0036-3, 2012 WL 12844610, at *2, *4 (D.D.C. May 21, 2012). See also United States v. Miller, 890 F.3d 317, 327 (D.C. Cir. 2018).

his revised offense level is 32 and his applicable Guideline range is 121 to 151 months. He therefore is eligible for a sentence modification and a reduction in his sentence.

### *B. A Sentence Reduction is Warranted*

When a defendant is eligible for a sentence reduction, courts have discretion to determine whether and to what extent such a reduction is warranted. United States v. Dillon, 560 U.S. at 827. In making that discretionary determination, courts are to consider the factors outlined in 18 U.S.C. § 3553(a) "to the extent that they are applicable." See 18 U.S.C. § 3582(a)(2); Dillon v. United States, 580 U.S. at 827-28. Those factors include, inter alia, the nature and circumstances of the offense and the history and characteristics of the defendant, the sentencing range established by the Guidelines for the applicable category of the offense, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). The relevant Guidelines policy statement provides that courts must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." See U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). The D.C. Circuit has held that courts may also consider the defendant's post-sentencing conduct. See United States v. Galaviz, 892 F.3d 378, 381 (D.C. Cir. 2018) (citing U.S.S.G. § 1B1.10 cmt. n.1(B)(iii)); see also United States v. Cook, 292 F. Supp. 3d 1, 3 (D.D.C. 2017); United States v. Butler, 130 F. Supp. 3d 317, 320, 323 (D.D.C. 2015).[5]

Mr. Wilson asks the Court to reduce his sentence to 121 months in prison – the bottom of the revised Guideline range – based on evidence of his post-sentencing rehabilitation.

---

[5] Section 3582(c)(2) does not permit courts to reopen a previously-imposed sentence based solely on evidence of post-sentencing rehabilitation. See United States v. Clipper, 179 F. Supp. 3d 110, 115-16 (D.D.C. 2016); United States v. Moore, 930 F. Supp. 2d 141, 145 n.3 (D.D.C. 2013).

He notes that he has not received any disciplinary infractions while in the custody of the Bureau of Prisons. See Reply at 6. He also notes that he has obtained his GED while incarcerated. See id.[6] The United States responds that a sentence reduction is not warranted due to Mr. Wilson's "significant, prolonged, and devastating" offense conduct. See Opp'n at 11. The United States points to the facts that Mr. Wilson was involved in a long-running, serious drug conspiracy to distribute crack cocaine in the Congress Park neighborhood; that his conduct involved repeated acts of distributing drugs on the streets of the District of Columbia; and that he was found responsible for aiding and abetting two murders. See id. The United States further notes that Judge Roberts sentenced Mr. Wilson at the top of the applicable Guideline range for his drug distribution convictions. See id. at 12-13.

In view of all of these circumstances, the factors listed in Section 3553(a), and the applicable Sentencing Commission policy statements, the Court will grant Mr. Wilson's motion for a sentence reduction and reduce his term of imprisonment from 188 months to 130 months. As to the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Wilson's active involvement in a violent drug distribution conspiracy over a ten-year period weighs against a significant sentence reduction. His conduct while incarcerated, however, weighs in favor of a sentence at the middle or low end of the revised Guideline range. See, e.g., United States v. Cook, 292 F. Supp. 2d at 4. Mr. Wilson has not received a single disciplinary infraction in the seven years since he was sentenced. See Reply at 6. Furthermore, in addition to obtaining his GED, Mr. Wilson has completed courses in leadership, parenting,

---

[6] Mr. Wilson also argues that a sentence reduction is warranted based on the prejudicial errors in his original trial. See Mot. at 5-7. The Court will not consider this factor at this stage, as the merits of those issues are briefed in a separate motion to vacate now pending before this Court. See Mr. Wilson's Motion to Vacate Conviction Pursuant to 28 U.S.C. § 2255 [Dkt. No. 1637].

effective communication, and drug education while incarcerated. See Mot. at 4-10. On balance, and in view of the sentences imposed on Mr. Wilson's co-defendants, the Court will modify Mr. Wilson's sentence under 18 U.S.C. § 3582(c)(2) and reduce his sentence to 130 months.

IV. CONCLUSION

For the reasons set forth in this Opinion, the Court will grant Mr. Wilson's motion [Dkt. No. 1593] for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and impose a sentence of 130 months on the narcotics-related offenses. The sentences of 360 months for each of the two murder convictions remain unchanged. An Order effectuating that sentence will issue this same day.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 1/4/19